UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **DERONDA M. SMITH,** | **CIVIL ACTION NO. 6:14-151-KKC** |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| **DISCOVER BANK and** **MAPOTHER & MAPOTHER, P.S.C..** | |
| **Defendants.** | |

*** *** ***

This matter is before the Court on the motions to dismiss (DE 4, 12) filed by both defendants in this matter – Discover Bank and the law firm of Mapother & Mapother, P.S.C.

I.

Discover Bank issued a credit card to the plaintiff, Deronda Smith, when she was in college and, some time before March 2006, she charged various goods and services. There does not appear to be any dispute that she did not pay the debt so, in 2012, Discover filed a collection action against her in Perry Circuit Court. In that action, Discover was represented by defendants Mapother & Mapother, a law firm.

In this action, Smith asserts that both Discover and its law firm knew that the collection action against her was time barred when they filed it. She also asserts that they filed falsified documents in the Perry Circuit Court action to make it appear as if she had continuously lived in Kentucky since March 2006. She asserts that, with these actions, the law firm violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. and that

1

Discover violated the Kentucky Consumer Protection Act, KRS 367.110, *et seq*. Smith asserts a civil conspiracy claim against both defendants.

II.

Discover Bank and Mapother & Mapother both argue that Smith's claims must be dismissed because they were compulsory counterclaims in the state court action filed by Discover. As Smith points out, however, Mapother was not a party to the state court action. It merely acted as Discover's counsel. Because counterclaims are compulsory only against an "opposing party," Smith's claims against Mapother in this action could not have been compulsory in the Perry Circuit Court action. *See* Ky. R. Civ. P. 13.01. In its reply brief, Mapother recognizes that this argument is not applicable to the claims against it. (DE 14, Reply at 2 n.2.)

Discover, in contrast, was a party to the Perry Circuit Court action. To determine if Smith's claims against Discover in this action are barred because they were compulsory in the state court action, Kentucky law governs. "The question whether the [plaintiff's] claims are compulsory counterclaims which should have been pleaded in the earlier . . . state court action is a question of state law." *Pochiro v. Prudential Ins. Co. of* America, 827 F.2d 1246, 1249 (9th Cir. 1987).

Kentucky Rule of Civil Procedure 13.01 states that a party must "state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." If a counterclaim is compulsory in a previous action pursuant to CR 13.01, then subsequent litigation of that same claim is barred by *res judicata. DCI Properties-DKY, LLC v. Coppage Construction Company, Inc.*, No. 2013-CA-001932-MR, 2015 WL 832268, at *2 (Ky. App. Feb. 27, 2015).

The problem for the defendants is that "the principles of *res judicata* (claim preclusion) only apply to adjudications on the merits." *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 460 (6th Cir. 2013). Discover voluntarily dismissed its state court collection action against Smith under Kentucky Rule of Civil Procedure 41.01(1) and the state court then dismissed the action without prejudice. (DE 12-2, State Court Docket.) "Dismissals without prejudice are not treated as decisions on the merits." *Id*. Thus, just as a plaintiff is not barred from filing an action for a second time that has been dismissed without prejudice, the defendant in the original action is not barred from later asserting any counterclaims it may have had in that action. *Id*. "[A]fter a voluntary dismissal under Rule 41.01(1), neither the strict rules of *res judicata* nor the equitable principles of waiver and estoppel warrant barring an unraised counterclaim." *Id*. at 461.

Moreover, Smith's KCPA claim would not have been compulsory in the collection action. It does not appear that Kentucky courts have announced a test for determining whether a counterclaim is compulsory. Because the language of the Kentucky rule mirrors Federal Rule of Civil Procedure 13(a), the Court will employ the "logical relation test" applicable to the federal rule. Under that test, the court must consider "whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Sanders v. First Nat'l Bank & Trust Co.*, 936 F.2d 273, 277 (6th Cir.1991).

The Court has not located any cases which analyze whether a counterclaim asserting violations of the KCPA is compulsory in a collection action. But Smith's KCPA claim is similar to a claim under the FDCPA. The KCPA prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." KRS

3

367.170(1). The FDCPA is designed to prohibit "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692e.

In *Peterson v. United Accounts, Inc.*, 638 F.2d 1134 (8th Cir.1981), the Eighth Circuit held that, in a state court collection action against a debtor, the debtor's FDCPA claim was permissive rather than compulsory. The court noted that the FDCPA claim "involves not the loan itself, but the use of unfair methods to collect it." *Id*. at 1136. "The circumstances giving rise to the original debt are separate and distinct from the collection activities undertaken by [the lender]." *Id*. at 1137. *See also Egge v. Healthspan Servs. Co.*, 115 F. Supp. 2d 1126, 1130 (D. Minn. 2000) ("Plaintiff's FDCPA claim does not dispute the validity of the debt. Instead, it alleges that the Defendant tried to collect usurious interest on the debt, a collection activity. As a result, the FDCPA claim does not arise from the same transaction as the creation of the debt and is a permissive counterclaim.")

This holding is also consistent with the decisions of other district courts that have concluded that, where the debtor asserts claims under the FDCPA, the lender's counterclaim for collection of the underlying debt is permissive rather than compulsory. *Jobe v. Alliance Collection Serv.*, Civil Action No. 1:11CV196–AS, 2012 WL 3985182, at *3 (N.D.Miss. Sept. 11, 2012); *Marchand v. Chase Bank USA, N.A.*, No. CV 10–09805, 2011 WL 1296711, at *1–2 (C.D.Cal. Apr. 5, 2011); *Randall v. Nelson & Kennard*, No. CV-09-387-PHX, 2009 WL 2710141, at *3–4 (D. Ariz. 2009); *Avery v. First Resolution Management Corp.*, No. 06-1812-HA, 2007 WL 1560653, at *5–7 (D. Oregon 2007); *Sparrow v. Mazda American Credit*, 385 F. Supp. 2d 1063, 1068 (E.D. Cal. 2005).

Similarly, the Sixth Circuit has determined that, where the debtor asserted a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the lender's claim for the underlying debt was permissive, not compulsory. *Maddox v. Kentucky Finance Co., Inc.*, 736

4

F.2d 380, 381 (6th Cir. 1984). The court agreed with the Fourth Circuit's determination that the "TILA claim does not involve the obligations created by the underlying contract. Rather, the TILA claim enforces a federal policy regarding disclosure by invoking a penalty." *Id*. at 382 (citing *Whigham v. Beneficial Finance Co. of Fayetteville*, 599 F.2d 1322 (4th Cir. 1979). Likewise, the Sixth Circuit agreed that "[t]he issues of fact and law are significantly different. . . because the TILA claim involves only the federal statute and the debt claim only state law, and different evidence is needed to support each claim." *Id*.

With its collection action, Discover sought to collect on a debt. Smith, on the other hand, asserts a claim under the KCPA which seeks to prevent unfair, false, misleading, or deceptive acts. That claim does not involve the obligations created by the underlying debt contract. While the debt claim and the KCPA claim may arise from the same debt and there may be some overlap of the issues raised in the two actions, the actions are not logically related. Accordingly, Smith's KCPA claim was not a compulsory counterclaim in the state court action against her.

III.

Mapother also argues that, to the extent that Smith's claim is based on its filing of the collection action and its alleged use of falsified documents in the Perry Circuit Court, the claim is time barred. An action to recover for a FDCPA violation must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The Perry Circuit Court action was filed on May 25, 2012. Discover Bank attaches the docket sheet from the Perry Circuit Court collection action showing that Smith was personally served on March 4, 2013. Thus, Smith was aware of the lawsuit by that date at the latest. Smith did not file this lawsuit until June 2, 2014.

5

In her response, Smith does not dispute that she was served with the collection action on March 4, 2013. She argues only that the Court cannot consider the state court docket sheet on a motion to dismiss. This is incorrect.

The Court may consider public records on a motion to dismiss. *See In re Omnicare, Inc. v. Securities Litigation*, 769 F.3d 455, 466 (6th Cir. 2014). In ruling on a motion to dismiss, this Court "may consider the Complaint and any exhibits attached thereto, *public records*, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir.2008) (emphasis added). The Sixth Circuit has determined that "fairness and efficiency" require that public records be considered on a motion to dismiss. *Omnicare*, 769 F.3d at 466. If such records could not be considered, complaints might be filed "solely to extract nuisance settlements." *Id*. (citation omitted).

The state court docket sheet is a public record and states that Smith was personally served on March 4, 2013. Again, Smith does not refute that. Accordingly, to the extent her FDCPA is based on the filing of the state court complaint, the claim is time barred.

As to Smith's claim that Mapother violated the FDCPA with the use of falsified documents, Smith alleges in her complaint, that the falsified documents consisted of billing statements that were filed with the Perry Circuit Court. (DE 1-1, Complaint, ¶¶ 22-24.) Mapother argues that these documents were first produced to Smith on March 18, 2013 and it attaches an affidavit as proof. Smith correctly argues that, while the Court can consider public records on a motion to dismiss, the Court cannot consider the affidavit on a motion to dismiss. Accordingly, the Court cannot consider the statement in the affidavit evidencing the date that Smith first became aware of the allegedly false documents.

6

Furthermore, Smith's FDCPA claim is not based only on Mapother's production of the allegedly falsified documents to her but also on Mapother's filing of the documents in state court. (DE 1-1, Complaint ¶¶ 21, 41.) It appears that Mapother first filed the documents with the state court on June 19, 2013 with Discover's motion for summary judgment. (DE 12-2, State Court Docket). If so, Smith's claim that Mapother violated the FDCPA with the filing of the documents is not time barred.

IV.

For all these reasons, the Court hereby ORDERS as follows:

1) Discover Bank's motion to dismiss (DE 12) is DENIED;

2) Mapother & Mapother's motion to dismiss (DE 4) is DENIED in part and GRANTED in part. The motion is granted to the extent that it seeks dismissal of the plaintiff's claim that Mapother violated the FDCPA by filing the state court complaint against her with the knowledge that the complaint was time barred. That claim is hereby DISMISSED. Mapother's motion to dismiss is otherwise DENIED.

Dated March 9, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY