UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **DERONDA M. SMITH,** | **CIVIL ACTION NO. 6:14-151-KKC** |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| **DISCOVER BANK and MAPOTHER & MAPOTHER, P.S.C.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motions for summary judgment (DE 32, 34) filed by both defendants in this matter – Discover Bank and the law firm of Mapother & Mapother, P.S.C. Because the plaintiff's Fair Debt Collection Practices Act and Kentucky Consumer Protection Act claims are based on immaterial statements that did not result in any loss of money or property, the motions will be granted.

I

In 1991, Discover Bank issued a credit card to the plaintiff, Deronda Smith. On February 19, 2008, Discover mailed her a statement reflecting an outstanding balance of $9,401.45. There is no dispute that Smith did not pay the debt so, in May 2012, Discover filed a collection action against her in Perry Circuit Court. In that action, Discover was represented by defendant Mapother & Mapother, a law firm. Discover ultimately voluntarily dismissed the collection action. But before it did so, in response to Smith's discovery requests, Discover reprinted and produced Smith's monthly credit card

1

statements covering the period from March 19, 2006 to November 1, 2007. (DE 34-4, Raymer Aff. ¶¶ 11-12.)

The reprinted statements all contain a Kentucky address for Smith. She actually lived in Texas during the time covered by the statements. The original statements contained her Texas address and were mailed to her there. Discover asserts that the reprinted statements it produced during the state-court action were clearly marked as "reprints." It asserts that, prior to February 2013, its computer system reprinted all statements with the cardholder's current address, even if the statements were originally mailed to a cardholder's prior address and originally reflected the prior address. (DE 32-1, Mem. at 9; DE 32-10, Discover Response to Interrog. No. 10.)

Discover and Mapother disagree on whether the reprinted statements were actually filed in the state-court action. Discover says they were not. (DE 32-1, Mem. at 9.) Mapother says they were. (DE 34-3, Mem. at 2, ¶ 10.) For purposes of this motion, the Court will assume that the reprinted statements bearing the Kentucky address were filed in the record.

Smith asserts that the reprinted statements contained her Kentucky address not because of Discover's computer system but because Discover and Mapother knew that a collection action against her was time barred in Texas. She argues that the defendants intentionally changed the mailing address to Kentucky where the claim was not time barred. She appears to assert that the changing of the mailing address permitted the claim to be filed in Kentucky but that the collection action would have been dismissed if the statements had contained the Texas mailing address.

In her complaint, Smith asserts that, with these actions, the law firm violated the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692, *et seq.* and that Discover violated the Kentucky Consumer Protection Act, KRS 367.110, *et seq.* Smith asserts a civil

2

conspiracy claim against both defendants. By prior opinion, the Court dismissed Smith's FDCPA claim against Mapother to the extent it was based on Mapother's filing of the state-court collection action. The Court determined that any such claim was time barred.

Discover and Mapother both move for summary judgment as to the remaining claims against them.

II

As to her civil conspiracy claim, Smith states she has no objection to dismissing it. Accordingly, that claim will be dismissed against both defendants.

As to her FDCPA claim against Mapother, in her complaint, Smith asserted that the law firm violated six provisions of the FDCPA: 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2)(A), 1692e(10), and 1692f. In response to Mapother's motion for summary judgment, Smith objects to dismissal of only her claims under §§ 1692e and 1692f. Accordingly, to the extent that Smith asserted claims under §§ 1692d, 1692d(2), 1692e(2)(A), and 1692e(10), those claims are dismissed.

As to her claims under §§ 1692e and 1692f, those sections prohibit a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C.A. § 1692e, and from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. § 1692f. A statement "must be *materially* false or misleading to violate Section 1692e." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir.2012). "The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Id.* at 326–27. Likewise, "if a 1692f claim is premised on a false or misleading representation, the misrepresentation must be material." *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 467 (6th Cir. 2014). This is because "false but non-

3

material representations are not likely to mislead the least sophisticated consumer. . . ." *Id.* (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir.2010)).

Smith asserts that Mapother violated these provisions by producing the reprinted statements in the collection action against her. Smith alleges in her response that the address was of "significant importance" because "it was the basis of Ms. Smith's defense that the collection suit was not timely filed." (DE 36, Response at 5.) Even the least sophisticated consumer, however, would not have been misled or confused by the Kentucky address contained on the reprinted statements. No consumer could be misled as to his or her own address. Smith does not explain how or why the updated address on the reprinted statements prohibited her from asserting any defenses in the collection action. Nor does she explain how the updated address impacted the litigation at all. Because the alleged misstatements are not "material," they cannot form the basis for a claim under either Section 1692e or 1692f. The claims against Mapother will, therefore, be dismissed.

As to Smith's KCPA claim against Discover, that statute prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." KRS § 367.170(1). To recover under this statute, a plaintiff must point to an "ascertainable loss of money or property," which resulted from the unlawful act. KRS § 367.220(1).

In her response, Smith clarifies that this claim also is based only on Discover's use of the reprinted statements in the collection action. Again, however, Smith concedes that she was aware of her address during all the relevant time periods. She argues that she was damaged because she "had to expend a great deal of time and energy to defend herself, and felt harassed, intimidated, stressed and anxious and even thought she 'was going to jail.'" (DE 36, Response at 1.) These alleged damages, however, were all caused by the filing of the collection action against her, not by the production of the reprinted statements. Again, Smith does not explain how or why the updated address on the reprinted statements

4

prohibited her from asserting any defenses in the collection action or how it impacted the litigation in any way. Because she has asserted no loss of money or property that resulted from the production of the reprinted statements, Smith's KCPA claim must be dismissed.

For all these reasons, the Court hereby ORDERS as follows:

1) Discover Bank's motion for summary judgment (DE 32) is GRANTED and all claims against Discover Bank are DISMISSED;

2) Mapother & Mapother's motion for summary judgment (DE 34) is GRANTED and all claims against Mapother & Mapother are DISMISSED; and

3) Judgment will be entered consistent with this opinion.

Dated May 10, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY